UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ZAMBOROSKI,

    Petitioner,

v.                                                    Case No. 04-71430
                                                   Hon. Victoria A. Roberts

TIM LUOMA,

    Respondent.
_____/

## ORDER DENYING PETITION FOR HABEAS CORPUS

**I.    INTRODUCTION**

This matter is before the Court on a Petition for habeas corpus under 28 USC §2254. For the following reasons, the Court **ADOPTS** the Report and Recommendation and **DENIES** the Petition.

**II.    BACKGROUND**

Petitioner was convicted of first degree murder for poisoning Susan Lindbloom ("Lindbloom") to prevent her from testifying against him on a drug charge. Lindbloom was a confidential informer. On May 15, 1999, Petitioner and co-defendant, John Klecha ("Klecha") visited Lindbloom at her home in Atlanta, Michigan. When she was not paying attention, Petitioner twice slipped cyanide into Lindbloom's soda. She died a short time later.

Petitioner was arrested on May 22, 1999 at his home in Dearborn, Michigan.

Klecha testified against him at trial. Petitioner received a sentence of life in prison for the first degree murder of Lindbloom, pursuant to MCL §750.316. On December 27, 2002, the Michigan Court of Appeals affirmed the conviction. The Michigan Supreme Court denied certiorari. Petitioner now seeks habeas corpus relief under 28 USC §2254.

This Court referred the Petition for a Report and Recommendation ("R&R") from Magistrate Judge Virginia M. Morgan. The R&R was filed September 9, 2005; it recommends denial of the Petition.

### III.   STANDARD OF REVIEW

In accordance with 28 USC §2254(d)(1), a writ of habeas corpus may only issue if the state court decision was (1) contrary to clearly established federal law as determined by the United States Supreme Court, or (2) involved an unreasonable application of clearly established federal law. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 412-413.

### IV.   APPLICABLE LAW AND ANALYSIS

The Petitioner seeks habeas corpus relief from his Michigan state court conviction on several grounds:

(1) the trial court admitted custodial statements obtained after Petitioner invoked his right to counsel, in violation of the Fifth Amendment;

(2) the trial court admitted evidence in violation of the Fourth Amendment;

(3) the trial court erroneously allowed testimony regarding uncharged misconduct;

(4) prosecutorial misconduct because of testimony elicited concerning uncharged misconduct;

(5) insufficient evidence for the crime charged; and

(6) ineffective assistance of counsel.

**A.    Ground I - Right to Counsel**

Petitioner claims when he was arrested, after being Mirandized[1], he told officers he wanted to call his cousin Jerry. He also told officers Jerry was an attorney. Petitioner was not permitted to call Jerry until he arrived at the police station. Petitioner made incriminating statements while in transport to the police station. The statements were admitted at trial. Based on this, Petitioner argues his 5th Amendment rights were violated.

This claim was adjudicated on the merits at a suppression hearing and again in Petitioner's appeal to the Michigan Court of Appeals. Accordingly, the issue is whether the Michigan court's decision was contrary to, or an unreasonable application of, federal law.

To require officers to cease questioning, the accused must actually invoke his right to counsel. *Davis v. U.S.*, 512 U.S. 452, 458 (1994). It is an objective inquiry. *Id.*

---

[1] In accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966).

at 459. "Invocation of the *Miranda* right to counsel requires at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." *Id.* (citation omitted)  "But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning." *Id.* (emphasis original).

In this case, the Michigan appellate court applied *Davis* to the facts. Factual determinations of the state court are presumed correct, unless rebutted by the Petitioner by clear and convincing evidence. 28 USC §2254(e)(1). The court found that Petitioner did ask to call his cousin Jerry and informed officers that his cousin was an attorney. However, Petitioner also indicated that he was willing to talk to officers if he could call Jerry later. The court found Petitioner did not unequivocally invoke his right to counsel. *People v. Zambororski*, 2002 WL 31957706 at *1 (Mich.App. 2002).

Based on this finding, the state court's decision was not contrary to, or an unreasonable application of, federal law. Even if officers thought Petitioner might be invoking his right to counsel by asking to call an attorney, it did not require them to cease questioning until he unequivocally invoked the right. *Davis, supra*. Additionally, if an accused is indecisive about his invocation, officers need not always cease questioning. *Davis*, 512 U.S. at 460 (citation omitted).

Petitioner's request for habeas corpus on this ground is **DENIED**.

    **B.**    **Ground II - No Probable Cause for Search Warrant**

Petitioner argues there was no probable cause for the search warrant of his cabin. He claims there was nothing to indicate that he poisoned Lindbloom or participated in her murder in the search warrant affidavit. Additionally, he notes that Lindbloom's ten year old son, who was present during the murder of his mother, gave the names "Steve" and "Mike" as the individuals who were at the house that day. That information was not included in the affidavit.

Petitioner filed a motion to suppress in the trial court and a hearing was held. Further, the claim was reviewed on appeal by the Michigan appellate court. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Moreover, Petitioner has not established that there was a procedural failure that prevented him from fully litigating his claim. See *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000).

Consequently, Petitioner's request for habeas corpus relief on this ground is **DENIED**.

### C. Ground III - Admission of Uncharged Misconduct

Petitioner claims it was error for the trial court to allow testimony of "uncharged misconduct." Specifically, Petitioner claims some of the testimony of his drug involvement was irrelevant and unduly prejudicial.

First, the prosecution introduced testimony that Lindbloom bought drugs from Petitioner. Her cooperation led to an investigation and arrest of Petitioner, and seizure

5

of drugs from him at the time of his arrest. [Trial Tx, p. 443]. The trial judge, without a request from counsel, gave a limiting instruction to the jury that testimony regarding Petitioner's other illegal activities was to be used only to demonstrate his motive to harm Lindbloom, but not as proof that he actually harmed her. [Trial Tx, p. 444].

Later, following testimony from Officer Ken Mills that there were criminal charges pending against Petitioner for possession and possession with intent to distribute marijuana and cocaine, the judge reminded the prosecution that only the charges that Lindbloom was to testify about were admissible. [Trial Tx, p. 446]. Mills also mentioned that other warrants were issued following the initial stop of Petitioner's truck. The judge instructed the jury to disregard any subsequent searches and seizures that may have occurred because they were not relevant to Petitioner's motive in the murder of Lindbloom. [Trial Tx, pp. 449-450].

Additionally, Andrew Godin, another individual Petitioner suspected of being an informant against him, testified that Petitioner used drugs. Even through there was no defense objection, the trial judge reiterated his limiting instruction that testimony about other illegal activity was to show motive only and should not be considered as evidence that Petitioner was guilty of homicide. [Trial Tx, pp. 493-494].

There were other instances of testimony concerning Petitioner's drug use. Much of it was unobjected to.

On appeal, the Michigan Court of Appeals ruled all of the testimony admitted was relevant to motive and was not unduly prejudicial under MRE 403. *Zamboroski*, at *3-4.

Petitioner claims it was a due process violation to allow evidence of any bad acts outside of the two controlled buys Lindbloom participated in and was going to testify to

against Petitioner.

This case is almost indistinguishable from *Duncan v. Henry*, 513 U.S. 364 (1995). In *Duncan*, the appellate court found respondent exhausted his state remedies even though he did not explicitly claim a violation of a federal law in the state court. The alleged error in *Duncan* was that the trial court allowed testimony during the respondent's trial for molestation by a parent of another child who claimed to have been molested 20 years earlier. The Ninth Circuit found it was a miscarriage of justice. The Supreme Court reversed holding that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. at 366.

In *Duncan*, the respondent's state court appeal did not allege a violation of the U.S. Constitution in the admission of the testimony. He did not argue a constitutional violation until his petition for habeas. As a result, the state court did not have an opportunity to address his federal claim. The respondent did specifically raise a due process objection before the state court on a different claim. This further indicated that the petitioner was not raising a constitutional violation regarding admission of the other bad acts testimony during his state proceedings.

Likewise, in this case, Petitioner did not allege a constitutional violation in the state court proceedings regarding testimony of his other bad acts. However, he did allege constitutional violations with regard to other claims. Michigan courts did not have an opportunity to rule on Petitioner's federal claim. While undoubtedly Petitioner's federal claim is similar to his state claim of an alleged erroneous evidentiary ruling

7

under Michigan law based on the same facts, "mere similarity of claims is insufficient to exhaust." *Duncan*, 513 U.S. at 366.

Lastly, Klecha mentioned during his testimony that Petitioner was incarcerated before. The trial judge gave a curative instruction and polled the jury to ensure that they could disregard any potential prior convictions. [Trial Tx, pp.623-626]. Outside the presence of the jury, the judge again indicated that under MRE 404(b), only criminal activity or other bad acts that Lindbloom was going to testify to was admissible. [Trial Tx. Pp.627-628]. Petitioner asserts in his habeas petition that this was a violation of due process, but he did not address this claim in his appeal to the Michigan Court of Appeals.

Therefore, Petitioner failed to exhaust his state court remedies on this claim and under 28 USC §2254(b)(1)(A), it must be **DENIED**.

### D. Ground IV - Prosecutorial Misconduct

Petitioner contends it was misconduct for the prosecutor to elicit testimony in violation of the trial court's ruling that only the two controlled buys that Lindbloom was going to testify to were relevant.

Similar to Petitioner's claim for admission of other bad acts, he did not allege a constitutional violation during state court proceedings. Petitioner claimed that the prosecutor did not heed the trial court's instruction and recklessly elicited testimony of Petitioner's other bad acts. [Michigan Appellate *pro se* Brief, p. 11]. Petitioner argued that the prosecutor's conduct was prejudicial and deprived him of a fair trial <u>under Michigan law</u>. *Id.* at 13 (emphasis added).

8

Consequently, under *Duncan*, Petitioner failed to exhaust his state court remedies and his claim must be **DENIED**.

### E.    Ground V - Crime Charged

Petitioner contends he was charged and convicted under MCL §750.316(1)(c).

> (1) A person who commits any of the following is guilty of first degree murder and shall be punished by imprisonment for life:
> (c) A murder of a peace officer or a corrections officer committed while the peace officer or corrections officer is lawfully engaged in the performance of any of his or her duties as a peace officer or corrections officer, knowing that the peace officer or corrections officer is a peace officer or corrections officer engaged in the performance of his or her duty as a peace officer or corrections officer.

However, it is clear from the record that Petitioner was charged with open murder under MCL §750.316. The jury was charged on the elements of MCL §750.316(1)(a)[2] and second degree murder.

Petitioner's confusion seems to come from the various documents that list 750.316-C. The "C" succeeding the end of the statute in several documents appears to be of internal significance. It does not refer to subsection 1, subpart c. Coincidentally, there is more than one "subpart c" in the statute; Petitioner only argues it corresponds to the first one.

Petitioner's claim on this ground is without merit and is **DENIED**.

### F.    Ground VI - Ineffective Assistance of Counsel

Petitioner alleges ineffective assistance of counsel. He asserts that his lawyer:

---

[2](a) Murder perpetrated by means of poison, lying in wait, or any other willful, deliberate, and premeditated killing.

9

(1) failed to ensure the court applied the test from *People v. VanderVlist*, 444 Mich. 52 (1993) to determine the admissibility of Petitioner's other bad acts;

(2) failed to investigate Lindbloom's involvement with the police;

(3) failed to obtain criminal records of prosecution witnesses; and,

(4) failed to object to Petitioner's conviction under MCL §750.316(1)(c).

"To show that counsel was constitutionally ineffective, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and also that counsel's deficiencies prejudiced his defense." *Cooey v. Coyle*, 289 F.3d 882, 892 (6th Cir. 2002)(*citing Strickland v. Washington*, 466 U.S. 668 (1984)). "[T]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice...that course should be followed." *Strickland*, 466 U.S. at 697.

### 1. Failure to Object to Admission of Other Bad Acts

Petitioner's claim fails for lack of sufficient prejudice. Counsel may well have been ineffective in failing to object to testimony regarding Petitioner's drug possession that Lindbloom was not going to testify about. *See Hodge v. Hurley*, 426 F.3d 368 (6th Cir. 2005). Nonetheless, admission of the testimony was not so prejudicial that but for its admission it is reasonably probable that the outcome would have been different.

The trial judge ruled that testimony regarding illegal activity that Lindbloom was

going to testify to was admissible under MRE 404(b). Even if some of the testimony that was admitted involved acts Lindbloom was not going to testify about, it was not so prejudicial that it likely affected the outcome. There was eyewitness testimony, via Klecha, that Petitioner murdered Lindbloom. Lindbloom's son testified that he saw Petitioner put something in his mother's glass. And, Lindbloom was set to testify against Petitioner on drug charges. It is doubtful that the evidence of other illegal activity tipped the scales against Petitioner in any significant way, particularly in light of the trial judge's repeated limiting instructions.

### 2.     Failure to Investigate Lindbloom's Involvement with the Police

Petitioner claims his counsel was ineffective because he did not investigate whether Lindbloom was actually going to testify against him on drug charges. The prosecution argued Petitioner's motive for murdering Lindbloom was to prevent her from testifying against him.

Petitioner's claim is without merit. It was not necessary for the prosecution to prove that Lindbloom was in fact going to testify, only that Petitioner believed she was. There was testimony from several witnesses that Petitioner was asking who "narced" on him and that he suspected it was Lindbloom. There was officer testimony that Lindbloom was going to testify. There was evidence introduced that Petitioner was charged with the crimes.

Consequently, it was not defective or prejudicial for counsel not to investigate the accuracy of the claim that Lindbloom was going to testify against Petitioner.

### 3.     Failure to Obtain Criminal Records of Prosecution Witnesses

Petitioner does not provide any support for his claim that counsel should have

investigated the criminal backgrounds of several prosecution witnesses. Petitioner does not establish, beyond his own assertions, that the witnesses had a criminal record and how introducing a criminal record against these witnesses would likely alter the outcome of the case. The credibility of key witnesses Klecha and Lindbloom's son was sufficiently explored.

### 4. Failure to Object to Petitioner's Conviction Under MCL §750.316(1)(c)

As discussed *supra*, Petitioner was not charged or convicted under §750.316(1)(c). This claim is without merit.

Accordingly, Petitioner's claim of ineffective assistance of counsel is **DENIED**.

### G. Request For a Hearing

Petitioner requests an evidentiary hearing in order to develop a factual record on his claims. However, "a habeas petitioner is generally entitled to such a hearing if he alleges sufficient grounds for release, relevant facts are in dispute, and the state court did not hold a full and fair evidentiary hearing." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)(citation omitted). "[B]ald assertions and conclusory allegations do not provide sufficient ground to...require an evidentiary hearing." *Id*.

Petitioner failed to allege sufficient grounds for release, based on the undisputed facts in the record. He is not entitled to habeas relief, or an evidentiary hearing.

## V. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation and **DENIES** Petitioner's request for habeas corpus relief pursuant to 28 USC §2254.

**IT IS SO ORDERED.**

                                      **s/Victoria A. Roberts**
                                      **Victoria A. Roberts**
                                      **United States District Judge**

**Dated: March 29, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and plaintiff by electronic means or U.S. Mail on March 29, 2006.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**