UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID ZAMBOROSKI,

                Petitioner,                CIVIL ACTION NO. 04-71430

          v.                    DISTRICT JUDGE VICTORIA A. ROBERTS

TIM LUOMA, Warden           MAGISTRATE JUDGE VIRGINIA M. MORGAN

                Respondent.

_____/

**REPORT AND RECOMMENDATION
ON POST-JUDGMENT MOTIONS**

**I.  Introduction**

       Petitioner David Zamboroski was convicted by a jury in the Circuit Court for the County of Montmorency, State of Michigan, of first-degree murder, M.C.L. § 750.316, and was sentenced to life imprisonment.  After exhausting his state court appeals, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to this court for a Report and Recommendation.  On September 9, 2005, the court recommended that petitioner's request for a writ of habeas corpus be denied.  The district court adopted the recommendation and entered a judgment in favor of respondent.

       The matter comes before the court on petitioner's motion to set aside or alter judgment pursuant to Fed. R. Civ. P. 59(e) and his request for a certificate of appealability and *in forma pauperis* (IFP) status on appeal.  Because these are post-judgment matters, this court's authority

-1-

is limited to the issuance of a Report and Recommendation.  <u>See</u> 28 U.S.C. § 636(b).  The court

will proceed accordingly.

## II.  Motion to Set Aside or Alter Judgment

Rule 59(e) provides no standard for reviewing a motion to alter or amend a judgment.

However, the local corollary to Rule 59(e), L.R. 7.1(g)(3), states the following:

> Generally, and without restricting the court's discretion, the court
> will not grant motions for rehearing or reconsideration that merely
> present the same issues ruled upon by the court, either expressly or
> by reasonable implication.  The movant must not only demonstrate
> a palpable defect by which the court and the parties have been
> misled but also show that correcting the defect will result in a
> different disposition of the case.

In his motion, petitioner merely rehashes arguments that were raised in his original

habeas petition and rejected by both this court and the district judge.  He has therefore failed to

"demonstrate a palpable defect by which the court and parties have been misled."  Accordingly,

the court recommends that petitioner's motion to alter or amend judgment be denied.

## III.  Motion for Certificate of Appealability

In his petition for habeas relief, petitioner alleged that he was entitled to relief on the

following grounds:

> A.  The trial court erred in admitting certain custodial statements that were
> obtained in violation of petitioner's rights under the Fifth Amendment to the
> United States Constitution.
>
> B.  The trial court erred in denying petitioner's motion to suppress evidence
> seized from petitioner's cabin because the affidavit in support of the search
> warrant did not provide probable cause for the issuance of the warrant and/or
> certain facts were omitted from the affidavit which, if included, would have led
> the magistrate to deny the affiant's warrant request.

C.  The trial court erroneously admitted testimony regarding other uncharged misconduct without making the findings required under People v. Vandervliet, 444 Mich. 52, 508 N.W.2d 114 (1993).

D.  The prosecutor committed misconduct by repeatedly referring to the uncharged misconduct.

E.  The evidence presented at trial was insufficient to establish that petitioner was guilty beyond a reasonable doubt of the charged offense of first-degree murder of a peace officer.

F.  Petitioner was denied the effective assistance of counsel at trial.

Petitioner seeks a certificate of appealability as to all of these issues.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order denying a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 unless "a circuit justice or judge issues a certificate of appealability[.]"  A court may issue such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To obtain a certificate of appealability with respect to claims that were denied on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  To obtain a certificate as to claims denied on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

### A.  Admission of Custodial Statements

Petitioner's first habeas claim was that his Fifth Amendment rights were violated by the state court's admission into evidence of statements he made upon his arrest that were elicited by the police after he had made an unequivocal request for counsel.

Both this court and the district court concluded that the Michigan Court of Appeals' conclusion that petitioner did not unequivocally invoke his right to counsel was neither contrary to, nor involved an unreasonable application of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and Davis v. U.S., 312 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362. (1994), the applicable Supreme Court precedent.  In the court's view, reasonable jurists could not find that the statements petitioner made to the officers constituted an unequivocal assertion of the right to counsel or that the matter is even debatable.  To be sure, petitioner asked the officers prior to questioning if he could call his cousin and informed the officers that his cousin was an attorney.  However, he also indicated that he would be willing to talk to the officers if he could call his cousin later.  In light of this testimony, it cannot be said that petitioner unequivocally asserted his right to counsel so as to require the officers to cease questioning him.  Moreover, as this court detailed in its Report and Recommendation, even if the statements were admitted erroneously, their admission was undoubtedly harmless.  The statements at issue, while inculpatory, were wholly cumulative of other properly admitted evidence and, therefore, their admission had no bearing on the outcome of the trial.  In sum, the court finds that petitioner has failed to making a substantial showing that the statements at issue were elicited and admitted into

-4-

evidence in violation of his Fifth Amendment rights.  Accordingly, the court recommends that plaintiff's request for a certificate of appealability be denied as to his Fifth Amendment claim.

### B.  Denial of Motion to Suppress

Petitioner's second habeas claim was that the state court erred in denying two pre-trial motions to suppress evidence seized by the police during searches of three properties owned by petitioner.  Petitioner claimed that the affidavit on which the search warrants were based was insufficient to support a finding of probable cause and that material information was omitted from the affidavit.  This court and the district judge concluded that review of plaintiff's claim was barred under Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), in which the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional seizure was introduced at his trial."

As noted in the Report and Recommendation, the state court held a hearing on plaintiff's motion to suppress and the Michigan Court of Appeals gave careful consideration to the issue. Petitioner received all the process he was due  Accordingly, the court recommends that plaintiff's request for a certificate of appealability be denied as to this issue.

### C.  Admission of Other Acts Evidence

Petitioner's third habeas claim centered upon the state court's admission of evidence regarding his use and possession of drugs.  Petitioner contended that the state court admitted the evidence without first making the findings required under People v. Vandervliet, 444 Mich. 52, 508 N.W.2d 114 (1993) and that the evidence was unduly prejudicial.

This court rejected the claim on three grounds.  First, the court determined that petitioner's claim was procedurally barred by virtue of his failure to comply with Michigan's contemporaneous objection rule.  Second, the court concluded that petitioner did not fairly present his claim to the Michigan Court of Appeals as one involving federal constitutional law and, therefore, that the claim was unexhausted.  Third, the court found that plaintiff had failed to show that the admission of the evidence in question violated some firmly rooted constitutional principle.  See Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003)(State court evidentiary ruling cannot serve as basis for habeas relief unless ruling violated "some principle of justice so rooted in the traditions and conscience of out people as to be ranked as fundamental")(citations omitted).  The district judge relied upon the second of these grounds in rejecting petitioner's claim.

The court finds that jurists of reason could not debate the question of whether petitioner exhausted his state court remedies.  There is simply nothing in his appellate brief from which a court could conclude that petitioner presented a federal constitutional claim to the Michigan Court of Appeals.  Further, for the reasons stated in the court's Report and Recommendation, the court also concludes that no reasonable jurist could conclude that habeas relief would be warranted on the merits of the claim.  Accordingly, the court recommends that petitioner's request for a certificate of appealability be denied as to this issue.

### D.  Prosecutorial Misconduct

Petitioner also claimed that the prosecutor committed misconduct by eliciting testimony from a police officer that petitioner had drugs in his possession at the time of a prior arrest.  The

-6-

district judge concluded, as with petitioner's evidentiary claim, that petitioner failed to exhaust his state court remedies as to this claim.

The court agrees that petitioner did not fairly present his prosecutorial misconduct claim to the Michigan Court of Appeals as a matter of federal law.  While petitioner did cite U.S. v. Johnson, 127 F.3d 380, 395 (5th Cir. 1997), in support of his argument and provide a brief discussion of the case, his reliance upon that case was based upon alleged factual similarities between that case and his case.  Petitioner did not rely upon any constitutional analysis contained in Johnson.  Thus, petitioner's reference to Johnson was insufficient to "federalize" his prosecutorial misconduct claim, and he did not otherwise include in his brief sufficient allegations or citations to alert the Michigan Court of Appeals that he was alleging a violation of federal constitutional law.

Moreover, even if petitioner had properly presented his claim to the Michigan Court of Appeals, no reasonable jurist could conclude that petitioner is entitled to habeas relief upon that claim.  As discussed in the court's Report and Recommendation, petitioner failed to show that the prosecutor's conduct was improper, let alone so flagrant as to render the entire trial fundamentally unfair, see Bowling v. Parker, 344 F.3d 487, 512 (6th Cir. 2003).  In addition, as also noted in the Report and Recommendation, the evidence against petitioner was overwhelming.  The complained of conduct most likely had no bearing on the jury's verdict.

For the reasons stated above, the court finds petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to his prosecutorial misconduct claim.

-7-

Accordingly, the court recommends that petitioner's request for a certificate of appealability be denied as to that claim.

### E.  Sufficiency of Evidence

Petitioner next claimed that he was charged with murder of a peace officer under MCL 750.316(1)(c) and that the prosecution failed to present sufficient evidence to show that the victim was a peace officer.  As explained in both this court's Report and Recommendation and the district judge's order, petitioner was clearly charged with open murder, not murder of a peace officer.  Thus, petitioner's sufficiency of the evidence claim is based upon an untenable premise. Accordingly, the court recommends that petitioner's request for a certificate of appealability be denied as to this claim.

### F.  Ineffective Assistance of Counsel

Petitioner also claimed that he was denied the effective assistance of counsel on the following grounds: (1) counsel failed to ensure that the trial court employed the proper test for determining the admissibility of other acts evidence, (2) counsel failed to investigate the victim's involvement with the police, (3) counsel failed to obtain the criminal records of the prosecution's witnesses, and (4) counsel failed to object to petitioner being charged with murder of a peace officer.

Both this court, in the Report and Recommendation, and the district judge, in the order denying habeas relief, thoroughly addressed these claims and found them to be without merit. This court concluded that petitioner had established neither attorney error nor prejudice.  The district judge found that petitioner may well have shown attorney error as to the first issue

-8-

identified above, but that he had otherwise failed to demonstrate attorney error and that he had failed to establish prejudice as to any of his claims. For the reasons stated in the Report and Recommendation and the order denying habeas relief, the court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims of ineffective assistance of counsel. Accordingly, the court recommends that petitioner's request for a certificate of appealability be denied as to those claims.

**IV.  Conclusion**

For the reasons stated above, the court recommends that petitioner's motion to alter or amend judgment be **DENIED** and that his motion for a certificate of appealability and for IFP status on appeal be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


                                        s/Virginia M. Morgan
                                        VIRGINIA M. MORGAN
Dated: June 6, 2006                     UNITED STATES MAGISTRATE JUDGE

---

**PROOF OF SERVICE**

The undersigned certifies that on June 6, 2006 the foregoing Report and Recommendation was served
upon counsel of record via the Court's ECF System and via U. S. Mail upon:

David Zamboroski #167107
Alger Maximun Correctional Facility
P. O. Box 600
Munising, MI 49862

                                        s/J Hernandez
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan